1  BRAD D. BRIAN (State Bar No. 79001)
   brad.brian@mto.com
2  HAILYN J. CHEN (State Bar No. 237436)
3  hailyn.chen@mto.com
   JORDAN D. SEGALL (State Bar No. 281102)
4  jordan.segall@mto.com
5  MUNGER, TOLLES & OLSON LLP
   350 South Grand Avenue, 50th Floor
6  Los Angeles, California 90071
7  Telephone:  (213) 683-9100

8
   JONATHAN H. BLAVIN (State Bar No. 230269)
9  jonathan.blavin@mto.com
   JOSHUA PATASHNIK (State Bar No. 295120)
10 josh.patashnik@mto.com
11 MUNGER, TOLLES & OLSON LLP
   560 Mission Street, 27th Floor
12 San Francisco, California 94105
13 Telephone:  (415) 512-4000

14
   Attorneys for Defendants
15 AIRBNB, INC. and AIRBNB PAYMENTS, INC.

16
                        UNITED STATES DISTRICT COURT
17
18          CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LA PARK LA BREA A LLC, LA PARK LA BREA B LLC, LA PARK LA BREA C LLC, and AIMCO VENEZIA, LLC,<br><br>　　　　　Plaintiffs,<br>　　v.<br>AIRBNB, INC. and AIRBNB PAYMENTS, INC.,<br><br>　　　　　Defendants. | Case No.: 2:17-cv-04885<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>(Los Angeles County Superior Court Case No. BC650575) |

1     TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2     PLEASE TAKE NOTICE that Defendants Airbnb, Inc. and Airbnb Payments, Inc. hereby remove the above-captioned matter, which was commenced as Case Number BC650575 in the Superior Court of the State of California for the County of Los Angeles, to the United States District Court for the Central District of California, Western Division, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and 28 U.S.C. §§ 1441 and 1446. In support of their Notice of Removal, Defendants state the following:

    1.     Defendants Airbnb, Inc. and Airbnb Payments, Inc. both are incorporated in Delaware with their principal places of business in California.

    2.     Plaintiffs first served Defendants with a summons and a copy of the initial complaint in this action on or about February 14, 2017. That complaint did not contain any class allegations, and was not removable under 28 U.S.C. § 1332(a). *See id.* § 1441(b)(2).

    3.     On June 6, 2017, Plaintiffs filed the First Amended Complaint ("FAC") in this action. As stated in the FAC, Plaintiffs seek to represent a nationwide class of owners of multi-unit apartment complexes. Defendants received a copy of the FAC through service on June 6, 2017. This removal petition is therefore timely under 28 U.S.C. § 1446(b)(3).

    4.     Plaintiffs seek to represent a class consisting of "[a]ll owners of multi-unit apartment complexes located in the United States (1) at which Airbnb's business records show that Airbnb rental activity was conducted for one or more apartments, (2) the host was not the owner of the apartment, and (3) Airbnb did not pay all or a portion of Airbnb's commission to the real property owner for the Airbnb rental activity." (FAC ¶ 68.)

    5.     Removal is proper under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this action under CAFA, 28 U.S.C. § 1332(d). Defendants dispute many of Plaintiffs' allegations, including their class allegations, and dispute

whether a class in this case can or will be certified.  Nonetheless, the allegations in the FAC make this case subject to removal to federal court under CAFA.

6. CAFA's diversity requirement is satisfied in this putative nationwide class action because one or more "member[s] of [the] class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).  The proposed plaintiff class includes owners of multi-unit apartment complexes who are citizens of states other than California and Delaware, the only two states of which Defendants are citizens for purposes of federal diversity jurisdiction.

7. CAFA's amount-in-controversy requirement is satisfied because "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).  Among other forms of relief, Plaintiffs seek, on a class-wide basis, "restitution of the monies Airbnb has derived from short-term rentals of Plaintiffs' and Class Members' apartments" (FAC ¶ 95; *see also id.* ¶ 103), as well as damages for "the reasonable rental value of the units subject to the [alleged] illegal subletting, property damage, nuisance and disturbance, loss of rental income and other revenue, costs of providing additional security and monitoring for short-term rental activities, legal fees, and reputational damage to Plaintiffs' Properties" (FAC ¶¶ 122, 128.)  Plaintiffs also seek injunctive relief prohibiting Defendants "from continuing" with certain business practices respecting apartments owned by Plaintiffs (FAC ¶ 96).

8. Defendants' business records and knowledge of relevant industry practices and valuations indicate that the value of the monetary relief sought by Plaintiffs, combined with the value of the injunctive relief sought by Plaintiffs, exceeds the sum or value of $5,000,000, exclusive of interests and costs. *See, e.g.*, *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016) ("[T]he amount in controversy … includes, *inter alia*, damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees[.]"); *Anderson v. SeaWorld Parks & Ent'mt, Inc.*, 132 F. Supp. 3d

1156, 1164–65 (N.D. Cal. 2015) (finding $5 million CAFA amount-in-controversy requirement satisfied "based on the value of the injunction" sought by plaintiffs).

9. Although not necessary for purposes of this Notice of Removal, the exceptions to CAFA removal set forth in 28 U.S.C. §§ 1332(d)(3)–(4) are not met in this putative nationwide class action because less than "one-third … of the members of all proposed plaintiff classes … are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(3); *see also id.* § 1332(d)(4).

10. Although not necessary for purposes of this Notice of Removal, the number of members of all proposed plaintiff classes in the aggregate is greater than 100. *See* 28 U.S.C. § 1332(d)(5)(B).

11. Defendants reserve the right to amend this Notice of Removal to assert additional bases for federal jurisdiction. In addition, if Plaintiffs contest, or the Court questions, whether the allegations in this Notice of Removal suffice to invoke federal jurisdiction, Defendants reserve the right to submit evidence and argument to the Court establishing that the jurisdictional requirements are met. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

12. Removal to this judicial district and division is proper because they "embrac[e]" Los Angeles County, the "place where [this] action is pending." 28 U.S.C. § 1441(a).

13. Defendants are informed and believe that no defendant other than the named defendants has been joined or served in this action.

14. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles, and will be served on all parties. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11. *See* 28 U.S.C. § 1446(a).

15. The following Exhibits attached to this Notice of Removal are true and correct copies of the process, pleadings, and other papers that have been served on Defendants in this action:

1          Exhibit A:   First Amended Complaint
2          Exhibit B:   First Amended Summons
3          Exhibit C:   Original Complaint
4          Exhibit D:   Original Summons
5          Exhibit E:   Proof of Service of Summons
6          Exhibit F:   Original Civil Case Cover Sheet (State Court)

BASED ON THE FOREGOING, Defendant hereby removes this action, now pending in the Superior Court of the State of California for the County of Los Angeles, Case No. BC650575, to the United States District Court for the Central District of California, Western Division.

DATED: July 3, 2017          MUNGER, TOLLES & OLSON LLP

By: */s/ Jonathan H. Blavin*
     JONATHAN H. BLAVIN
Attorneys for Defendants AIRBNB, INC. and AIRBNB PAYMENTS, INC.